## AARON HUNT *vs.* LOWELL GAS LIGHT COMPANY.

In an action against a gas light company to recover damages for an injury to the plaintiff's health caused by an accidental escape of gas from a main pipe through various sewers and drains into the plaintiff's house, which was one of several tenements in the same block, the plaintiff may show that on the same day when the gas was first perceived, his wife sent notice to the defendants by a neighbor that gas was escaping into that block.

If in such action the defendants have introduced the evidence of one of their agents, to show that after the escape of gas became known he went to the several houses where it was perceived, and amongst others to the house of a neighbor of the plaintiff, and did not find gas in great or dangerous quantities, no exception lies to the admission of evidence to contradict him, by showing that he informed such neighbor that there was gas enough in his cellar to blow up the house, if he should go down with a light.

TORT against a gas light company to recover damages for an injury to the plaintiff's health from an escape of gas into his house from a main pipe of the defendants, under the circumstances stated in the report of questions arising upon a former trial of this case, in 1 Allen, 343.

At the second trial in this court, before *Chapman*, J., the plaintiff called as a witness one Sleeper, who occupied another tenement in the same block with the plaintiff, and testified, under

objection, that on the same day when the gas was first perceived in the block, he went to the defendants' office at the request of his own wife and the wife of the plaintiff, and gave notice to one Bartlett, who was admitted to be an agent of the defendants for the purpose of receiving such notice, that the gas was escaping into that block.

The defendants called as a witness one of the persons having charge of their works, who testified that after the escape of gas became known he went to the several houses where the gas was perceived, and amongst others to the house and cellar of a Mrs. Clay, and examined the same, and did not find gas in great or dangerous quantities. On cross-examination, the plaintiff asked him if he did not tell Mrs. Clay, who occupied a house in the neighborhood, that there was gas enough in her cellar to blow the house up, if she went down with a light. He answered that he did not. The plaintiff afterwards called Mrs. Clay, who was allowed to testify, under objection, that he did tell her so.

The jury returned a verdict for the plaintiff, with $1438 damages, and the defendants alleged exceptions.

*J. G. Abbott*, for the defendants.

*D. S. Richardson & A. R. Brown*, for the plaintiff.

MERRICK, J. Any inmate of the plaintiff's family was competent and had a right to communicate to the defendants the fact that gas was escaping from some leak in their pipes into his house, making its occupancy either unsafe or disagreeable and offensive. It was perfectly proper, therefore, for his wife to send to them a message to that effect by any person to whom she thought fit to entrust it. It was immaterial how, by what means, or through whom, they obtained information. It was sufficient that they had, by any means, been made acquainted with the fact that their pipes had become imperfect and leaky, and that their gas was thereby emitted into the plaintiff's house to make it their duty to attend immediately to it, and to use due diligence to stop the leak and exclude the gas from his premises. The testimony of Sleeper tended to prove that Bartlett, who is admitted to have been the agent of the defendants and authorized to receive such communications for them, was

informed of the escape of gas into the plaintiff's house, and therefore it was admissible and properly received in evidence.

It appears from the bill of exceptions, that the defendants deemed it material to them, for reasons which are not stated, to prove that gas from their pipes was not escaping in great or dangerous quantities into houses in the vicinity of the plaintiff. And they accordingly produced one Brown, a person in their employment, as a witness, who testified that he examined the house and cellar of Mrs. Clay, and did not find there gas in great or dangerous quantities. The testimony of Mrs. Clay, produced by the plaintiff, tended directly to contradict Brown in this particular, and consequently to disparage his credibility as a witness in the estimation of the jury, and therefore was admissible for that purpose. The defendants object that her testimony tended only to contradict him in relation to a collateral matter concerning which an inquiry was proposed to him upon cross-examination. But although it did tend directly to contradict him in relation to the answer which he gave to the inquiry, it was equally in conflict with his testimony in chief, which, having been introduced by the defendants for some purpose deemed by them to be of importance, must be considered to have been material, and therefore subject to be refuted by showing that he had elsewhere made different statements on the subject in conflict with it, or to be disproved by any competent countervailing evidence.                    *Exceptions overruled.*